UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL SWEET,

                  Petitioner,              Case No. 1:13-cv-1036

v.                                              Honorable Paul L. Maloney

BONITA HOFFNER,

                  Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Michael Sweet presently is incarcerated at the Lakeland Correctional Facility. He pleaded guilty in the Ingham County Circuit Court to one count of breaking and entering with intent to commit a felony, MICH. COMP. LAWS § 750.110, and armed robbery, MICH. COMP. LAWS § 750.529. On November 18, 1981, Petitioner was sentenced to respective prison terms of 6 to 15 years and 6 to 20 years.

According to his habeas application, Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising a single issue: that the notice waiving juvenile jurisdiction was improper. The court of appeals denied leave to appeal on April 15, 1983. Petitioner sought leave to appeal to the Michigan Supreme Court, apparently raising the same issue. The supreme court denied leave to appeal on March 9, 1984.

On April 12, 2011, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court, alleging (1) that he had experienced an actual or constructive denial of counsel, and (2) that there existed a radical defect in subject matter and personal jurisdiction. The circuit court denied the motion on May 19, 2011. Petitioner filed applications for leave to appeal in both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two grounds. The Michigan appellate courts denied leave to appeal for failure to demonstrate entitlement to relief under MICH. CT. R. 6.508(D) on October 4, 2011, and September 19, 2012, respectively.

Petitioner filed the instant habeas application on or about September 19, 2013.[1] The *pro se* petition alleges the "actual or constructive" denial of counsel in the proceedings leading up to his 1981 conviction. Petitioner has submitted an affidavit (docket # 4-1) and attachments in support of this claim. Petitioner's affidavit and attachments shed no light on his claim that he was somehow denied counsel. Rather, Petitioner attacks the fairness of the proceedings against him in Probate and Circuit Court. The Probate Judge's lengthy findings in the waiver proceedings specifically state that Petitioner was represented by counsel (ID# 42), and the Circuit Court docket sheet (ID# 52) shows that counsel was appointed in that court immediately after the waiver. The Petition itself (¶ 17) states that Kenneth DeBoer was his appointed counsel for all trial court proceedings. The basis for Petitioner's claim that he was actually or constructively denied counsel remains a mystery.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on September 18, 2013, and it was received by the Court on September 20, 2013. Thus, it must have been handed to prison officials for mailing at some time between September 18 and September 20, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of his habeas application, Petitioner sought leave to appeal his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on March 9, 1984. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.

*See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Thursday, June 7, 1984.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, had one year from the effective date, or until April 24, 1997, in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner did not file his petition until 2013, more than 16 years after the grace period expired. Obviously, absent tolling, his petition is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's habeas limitations period expired in 1997, his collateral motion filed in state court in 2011 did not serve to revive the limitations period.

In an apparent effort to avoid dismissal of his habeas corpus action, Petitioner has moved to consolidate it with *Sweet v. Howes*, case no. 1:11-cv-861, a habeas case pending before District Judge Robert Jonker. In that case, Petitioner challenges one of his many felony convictions

for crimes committed after he was released on parole for the instant conviction.² Petitioner apparently believes that his 1981 conviction remains open to challenge because his sentence in the case being reviewed by Judge Jonker was enhanced on account of his 1981 felony conviction.

Petitioner improperly conflates several concepts in coming to this erroneous conclusion. The first is the in-custody requirement, which is jurisdictional. Under 28 U.S.C. § 2254, a habeas petitioner may challenge only those state convictions on which he is "in custody." *See Maleng v. Cook*, 490 U.S. 488 (1989). The "in-custody" requirement of section 2254 is not an impediment to the present petition, as Petitioner is still serving his original sentence, as a result of serial revocations arising from new felony convictions.

But the fact that Petitioner is still "in custody" on the 1981 conviction does not necessarily mean that the conviction is subject to challenge. Generally, a habeas petitioner may not challenge a final and unreviewable felony conviction merely because it was used to enhance his sentence for a conviction still subject to review. The Supreme Court established this principle in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). The issue in *Coss* was the extent to which a prior conviction itself may be subject to challenge in an attack on a current sentence which it was used to enhance. Under *Coss*, once a state conviction is no longer open to direct or collateral attack in its own right, it is not subject to collateral attack under section 2254.

---

²Since the time of his 1981 convictions, Petitioner apparently has been released on parole more than once, during which periods he committed and pleaded guilty to numerous new offenses in the Ingham County Circuit Court. He was sentenced to 8 to 20 years on April 15, 1992, after he pleaded guilty to assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84. In 2008, he was convicted of armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224, and possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. He was sentenced on October 8, 2008, to two prison terms of 16 to 35 years on the armed-robbery and assault-with-intent-to-rob-while-armed offenses, 3 to 7½ years on the felon-in-possession conviction, and 2 years on the felony-firearm conviction. Because he was on parole at the time of each of his subsequent offenses, Petitioner remains in custody on all charges.

532 U.S. at 403. The Court articulated two narrow exceptions, including the situation in which the trial court failed to appoint counsel for the previous criminal prosecution. *Id.* at 404; *see Abdos-Samad v. Bell*, 420 F.3d 614, 630-31 (6th Cir. 2005). Petitioner is apparently attempting to take advantage of this exception, as he alleges the "actual or constructive" denial of counsel in 1981. But this line of authority is inapplicable to the present case. The exception to *Coss*, if it applies, allows a challenge to a prior, uncounselled conviction in a habeas proceeding brought against a subsequent conviction in which the first conviction was relied on in sentencing. *Coss* does not allow revival of an otherwise barred petition. Hence, the question whether Petitioner's 2008 sentence was improperly enhanced by his 1981 conviction is for Judge Jonker to decide in the case before him. Petitioner's contention of improper sentencing enhancement in 2008 is not a reason to consolidate cases or to refrain from dismissing the present action on grounds of untimeliness.

The only concept relevant to the present case is the one-year statute of limitations, and that period ended long ago. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner makes no claim that he is actually innocent. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000). I further recommend that Petitioner's motion to consolidate cases (docket # 4) be denied.

Dated: April 3, 2014  /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).